**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Hang D. Le (SBN 293450)
E-mail: hlee@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333; Fax: (818) 347-4118

**BAER TREGER LLP**
Andrew L. Treger (SBN 240637)
E-mail: atreger@baertreger.com
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Tel: (310) 226-7570; Fax: (310) 226-7571

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR TSIPURSKY, individually, and INNA TSIPURSKY, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LONG BEACH; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-10167<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)<br>2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>3. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>4. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. False Arrest/False Imprisonment<br>7. Battery<br>8. Negligence<br>9. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiffs Vladimir Tsipursky, individually, and Inna Tsipusky, individually, for their Complaint against Defendants City of Long Beach and DOES 1-10, inclusive, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**INTRODUCTION**

3. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer-involved shooting and beating of Vladimir Tsipursky and detention of Inna Tsipursky on June 25, 2018.

**PARTIES**

4. At all relevant times, Plaintiff VLADIMIR TSIPURSKY is an individual residing in the City of Long Beach, California.

5. At all relevant times, Plaintiff INNA TSIPURSKY is an individual residing in the City of Long Beach, California.

6. At all relevant times, Defendant CITY OF LONG BEACH ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be

sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Long Beach Police Department ("LBPD") and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants DOES 1-10.

7. At all relevant times, Defendants DOES 1-5 ("DOE OFFICERS") are officers for the LBPD who were acting under color of law within the course and scope of their duties as officers for the LBPD.  DOES 1-5 were acting with the complete authority and ratification of their principal, Defendant CITY.

8. At all relevant times, Defendants DOES 6-10 are managerial, supervisorial, and policymaking employees of the LBPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LBPD.  DOES 6-10 were acting with the complete authority and ratification of their principal, Defendant CITY.

9. On information and belief, DOES 1-10 were residents of the City of Long Beach, County of Los Angeles.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-5 acting on the implied and actual permission and consent of Defendants LBPD and DOES 6-10.

11. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

12. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

13. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

14. DOES 1-10 are sued in their individual capacity.

15. On or around August 13, 2018, Plaintiffs VLADIMIR TSIPURSKY and INNA TSIPURSKY filed a comprehensive and timely claim for damages with the City of Long Beach in substantial compliance with §910 of the California Government Code. Said claim was rejected on October 2, 2018.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 15 of this Complaint with the same force and effect as if fully set forth herein.

17. This incident occurred on June 25, 2018, at approximately 4:00 a.m. in the City of Long Beach. DOE OFFICERS responded to the Covenant Manor retirement housing community located at 600 E. Fourth Street in Long Beach, California following reports of shots fired after a fire and explosion.

18. Plaintiffs VLADIMIR TSIPURSKY and INNA TSIPURSKY were residents of Covenant Manor at the time of the incident and were evacuating the building due to the fire in their building. As Plaintiffs VLADIMIR TSIPURSKY and INNA TSIPURSKY made their way down the stairs of the building, DOE OFFICERS shot VLADIMIR TSIPURSKY, striking him in the abdomen.

VLADIMIR TSIPURSKY did not pose an immediate threat of serious bodily injury or death to anyone at the time of the shooting.

19. On information and belief, DOE OFFICERS failed to give a warning that deadly force was going to be used before shooting at VLADIMIR TSIPURSKY, despite it being feasible to do so.

20. After VLADIMIR TSIPURSKY was shot, both he and INNA TSIPURSKY continued to make their way out of the building. When VLADIMIR TSIPURSKY and INNA TSIPURSKY exited the building, they were both immediately detained by DOE OFFICERS without reasonable suspicion or probable cause.

21. DOE OFFICERS subsequently arrested VLADIMIR TSIPURSKY without probable cause and transported him to St. Mary Medical Center in Long Beach, California. While at the hospital and still in police custody, DOE OFFICERS approached VLADIMIR TSIPURSKY and punched him in the face. VLADIMIR TSIPURSKY had already been arrested and was in police custody at the time of the assault and was not resisting arrest.

22. DOE OFFICERS detained INNA TSIPURSKY without reasonable suspicion and arrested her without probable cause following the shooting. DOE OFFICERS held INNA TSIPURSKY and questioned her for several hours.

**FIRST CLAIM FOR RELIEF**

**Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(Plaintiffs VLADIMIR TSIPURSKY and INNA TSIPURSKY against Defendants DOE OFFICERS)

23. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. Defendants DOE OFFICERS had no objectively reasonable or specifically articulable factual basis to suspect that VLADIMIR TSIPURSKY and INNA TSIPURSKY were involved in the commission of any crime, nor did Defendants DOE OFFICERS have any confirmation that VLADIMIR TSIPURSKY and INNA TSIPURSKY had committed any crime, posed any threat to anyone, and did not see VLADIMIR TSIPURSKY and INNA TSIPURSKY in possession of any illegal objects, contraband, or weapons.

25. Defendants DOE OFFICERS detained VLADIMIR TSIPURSKY and INNA TSIPURSKY without reasonable suspicion. Defendants DOE OFFICERS arrested VLADIMIR TSIPURSKY without probable cause. The scope and manner of Defendants DOE OFFICERS' detention and arrest of VLADIMIR TSIPURSKY and INNA TSIPURSKY was unreasonable.

26. The conduct of Defendants DOE OFFICERS violated VLADIMIR TSIPURSKY and INNA TSIPURSKY's right to be secure in their person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of VLADIMIR TSIPURSKY and INNA TSIPURSKY and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

28. As a result of their misconduct, Defendants DOE OFFICERS are liable for VLADIMIR TSIPURSKY and INNA TSIPURSKY's injuries.

29. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff VLADIMIR TSIPURSKY's rights.  Plaintiff INNA TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff INNA TSIPURSKY's rights. Plaintiffs also seek attorney's fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Plaintiff VLADIMIR TSIPURSKY against Defendants DOE OFFICERS)

30. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31. Defendants DOE OFFICERS used excessive force against VLADIMIR TSIPURSKY when they shot at him and subsequently punched him in the face. Defendants DOE OFFICERS' unjustified use of force deprived VLADIMIR TSIPURSKY of his right to be secure in his person against unreasonable searches and seizures as guaranteed to VLADIMIR TSIPURSKY under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32. As a result of the foregoing, VLADIMIR TSIPURSKY suffered great physical pain and emotional distress.

33. The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

34. The shooting was excessive and unreasonable, and VLADIMIR TSIPURSKY posed no immediate threat of death or serious bodily injury at the time of the shooting. The subsequent punching was excessive and unreasonable as VLADIMIR TSIPURSKY posed no threat of harm to anyone and was not resisting arrest at the time of the punching. Further, Defendants DOE OFFICERS' shooting and use of force violated their training and standard police officer training.

35. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of his rights. PLAINTIFF also seeks attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(All Plaintiffs against All Defendants)

36. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as if fully set forth herein.

37. Defendants DOE OFFICERS acted under color of law;

38. The acts of Defendants DOE OFFICERS deprived VLADIMIR TSIPURSKY and INNA TSIPURSKY of their particular rights under the United States Constitution.

39. A final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' detention and use of force including deadly force against Plaintiffs and Defendant DOE OFFICERS' bases for this conduct, despite having information and evidence that show that Defendants DOE OFFICERS' detention and arrest of Plaintiffs was unlawful and that their use of force including deadly force against VLADIMIR TSIPURSKY was excessive because he did not pose an immediate threat of death or serious bodily injury at the time of the shooting and was in police custody and was not resisting arrest at the time of the beating. The final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

40. Upon information and belief, a final policymaker has determined that the acts of Defendants DOE OFFICERS were "within policy."

41. By reason of the aforementioned acts and omissions, Plaintiffs have suffered pain, emotional distress, terror, and anxiety.

42. Accordingly, Defendants CITY, DOE OFFICERS, and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

43. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff VLADIMIR TSIPURSKY's rights. Plaintiff INNA TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff INNA TSIPURSKY's rights. Plaintiffs also seek attorney's fees under this claim.

### FOURTH CLAIM FOR RELIEF
### Municipal Liability – Failure to Train (42 U.S.C. § 1983)
(All Plaintiffs against All Defendants)

44. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 43 of this Complaint with the same force and effect as if fully set forth herein.

45. Defendants DOE OFFICERS acted under color of law;

46. The acts of Defendants DOE OFFICERS deprived VLADIMIR TSIPURSKY and INNA TSIPURSKY of their particular rights under the United States Constitution.

47. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. Specifically, Defendant CITY's training policies were not adequate to train its officers to avoid unlawful detentions and arrests and excessive uses of force. Defendant CITY's training policies were not adequate to train the officers to properly use nonlethal and lethal force in the event that such force was warranted.

48. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

49. The failure of Defendant CITY to provide adequate training, including training with regards to detentions and use of force caused the deprivation of VLADIMIR TSIPURSKY and INNA TSIPURSKY rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the

deprivation of the VLADIMIR TSIPURSKY and INNA TSIPURSKY's rights as to be the moving force that caused the ultimate injury.

50.  On information and belief, CITY failed to train Defendants DOE OFFICERS properly and adequately.

51.  By reason of the aforementioned acts and omissions, Plaintiffs have suffered physical pain, emotional distress, terror, and anxiety.

52.  Accordingly, Defendants CITY, DOE OFFICERS, and DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

53.  Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff VLADIMIR TSIPURSKY's rights.  Plaintiff INNA TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff INNA TSIPURSKY's rights. Plaintiffs also seek attorney's fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(All Plaintiffs against All Defendants)

54.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.  Defendants DOE OFFICERS acted under color of law;

56.  Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

57.  On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with detention, arrest, and use of force including deadly force against VLADIMIR TSIPURSKY and the detention of INNA TSIPURSKY.

58. Defendants CITY, DOE OFFICERS, and DOES 6-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force;

(b) Providing inadequate training regarding the use of deadly force;

(c) Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, including Defendants DOE OFFICERS;

(f) Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

   (h) Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

   (i) Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

   (j) Failing to properly train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force.

  59. By reason of the aforementioned acts and omissions, Plaintiffs have suffered physical pain, emotional distress, terror, and anxiety.

  60. Defendants CITY, DOE OFFICERS, and DOES 6-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of VLADIMIR TSIPURSKY, INNA TSIPURSKY, and other individuals similarly situated.

  61. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOE OFFICERS and DOES 6-10 acted with intentional, reckless, and callous disregard for the life of VLADIMIR TSIPURSKY and for VLADIMIR TSIPURSKY and INNA TSIPURSKY constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY, DOE OFFICERS, and DOES 6-10 were affirmatively linked to and were a significantly influential force behind the

-11-

injuries of VLADIMIR TSIPURSKY and INNA TSIPURSKY, including but not limited to Defendants DOE OFFICERS' unreasonable detention of VLADIMIR TSIPURSKY and INNA TSIPURSKY and use of excessive force, including deadly force, against VLADIMIR TSIPURSKY.

62. Accordingly, Defendants CITY, DOE OFFICERS, AND DOES 6-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

63. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff VLADIMIR TSIPURSKY's rights.  Plaintiff INNA TSIPURSKY brings this claim individually and seeks compensatory damages for the violation of Plaintiff INNA TSIPURSKY's rights. Plaintiffs also seek attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### False Arrest/False Imprisonment

(Plaintiff INNA TSIPURSKY against All Defendants)

64. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65. Defendants DOE OFFICERS, while working as officers for the LBPD and CITY, and acting with the course and scope of their duties, intentionally deprived INNA TSIPURSKY of her freedom of movement by use of force, threats of force, menace, fraud, deceit, and unreasonable duress. DOE OFFICERS detained INNA TSIPURSKY without reasonable suspicion and arrested her without probable cause.

66. INNA TSIPURSKY did not knowingly or voluntarily consent.

67. Defendant DOE OFFICERS detained INNA TSIPURSKY for an appreciable amount of time, subjected her to extensive and stressful questioning, and did not allow her the freedom to leave.

68. The conduct of DOE OFFICERS was a substantial fact in causing harm to INNA TSIPURSKY.

69. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

70. The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of INNA TSIPURSKY, entitling INNA TSIPURSKY to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

71. Plaintiff INNA TSIPURSKY brings this claim individually and seeks compensatory damages.

### SEVENTH CLAIM FOR RELIEF
**Battery**
(Plaintiff VLADIMIR TSIPURSKY against All Defendants)

72. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

73. Defendants DOE OFFICERS, while working as officers for the LBPD and CITY, and acting within the course and scope of their duties, intentionally shot VLADIMIR TSIPURSKY and used unreasonable and excessive force against him. As a result of the actions of Defendants DOE OFFICERS, VLADIMIR TSIPURSKY suffered great physical pain and emotional distress. Defendants DOE OFFICERS had no legal justification for using force against VLADIMIR TSIPURSKY, and their use of force while carrying out their duties as police officers was an unreasonable and non-privileged use of force.

74. As a direct and proximate result of the conduct of Defendants DOE OFFICERS as alleged above, VLADIMIR TSIPURSKY sustained serious physical injuries.

75. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of VLADIMIR TSIPURSKY, entitling VLADIMIR TSIPURSKY to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

77. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages.

## EIGHTH CLAIM FOR RELIEF
### Negligence
(Plaintiffs VLADIMIR TSIPURSY and INNA TSIPURSKY against all Defendants)

78. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 77 of this Complaint with the same force and effect as if fully set forth herein.

79. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

80. Defendants DOE OFFICERS and DOES 6-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOE

OFFICERS and DOES 6-10 were negligent and reckless, including but not limited to:

    (a) the failure to properly and adequately assess the need to detain INNA TSIPURSKY and arrest and use force or deadly force against VLADIMIR TSIPURSKY;

    (b) the negligent tactics and handling of the situation with INNA TSIPURSKY and VLADIMIR TSIPURSKY, including pre-shooting negligence;

    (c) the negligent detention of INNA TSIPURSKY and arrest and use of force, including deadly force, against VLADIMIR TSIPURSKY;

    (d) the failure to provide prompt medical care to VLADIMIR TSIPURSKY;

    (e) the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

    (f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of VLADIMIR TSIPURSKY and INNA TSIPURSKY;

    (g) the negligent handling of evidence and witnesses; and

    (h) the negligent communication of information during the incident.

81. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, VLADIMIR TSIPURSKY suffered severe physical pain and injuries. Also as a direct and proximate result of Defendants' conduct as alleged above, VLADIMIR TSIPURSKY and INNA TSIPURSKY suffered emotional distress and mental anguish.

82. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 6-10 pursuant to section 815.2(a) of the California

-15-

Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages. Plaintiff INNA TSIPURSKY brings this claim individually and seeks compensatory damages.

## NINTH CLAIM FOR RELIEF

### (Violation of Cal. Civil Code § 52.1)

(Plaintiff VLADIMIR TSIPURSKY against all Defendants)

84. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth herein.

85. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

86. On information and belief, Defendants DOE OFFICERS, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against VLADIMIR TSIPURSKY or acted in reckless disregard of VLADIMIR TSIPURSKY's civil rights, including by shooting him and beating him without justification or excuse.

87. When Defendants DOE OFFICERS shot VLADIMIR TSIPURSKY and subsequently beat him, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

88. On information and belief, Defendants intentionally and spitefully committed the above acts to discourage VLADIMIR TSIPURSKY from exercising his civil rights, to retaliate against him for invoking such rights, to prevent him from exercising such rights, or acted in reckless disregard of his civil rights, which he was fully entitled to enjoy.

89. On information and belief, VLADIMIR TSIPURSKY reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS, inclusive were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

90. Defendants successfully interfered with the above civil rights of VLADIMIR TSIPURSKY.

91. The conduct of Defendants was a substantial factor in causing VLADIMIR TSIPURSKY's harms, losses, injuries, and damages.

92. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS and DOES 6-10, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

93. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

94. The conduct of Defendants DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for VLADIMIR TSIPURSKY's rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

95. Plaintiff VLADIMIR TSIPURSKY brings this claim individually and seeks compensatory damages under this claim. Plaintiff VLADIMIR TSIPURSKY also seeks treble damages, attorney's fees, and costs under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Vladimir Tsipursky and Inna Tsipursky request entry of judgment in their favor and against Defendants City of Long Beach, and Does 1-10, inclusive, as follows:

- A. For compensatory damages in an amount to be proven at trial;
- B. For punitive damages against the individual defendants in an amount to be proven at trial;
- C. For statutory damages;
- D. For treble damages pursuant to California Civil Code Sections 52, 52.1;
- E. For interest;
- F. For reasonable attorneys' fees, including litigation expenses;
- G. For costs of suit; and
- H. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 6, 2018

LAW OFFICES OF DALE K. GALIPO
BAER TREGER LLP

By  */s/ Dale K. Galipo*
Dale K. Galipo
Andrew L. Treger
Hang D. Le
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED:  December 6, 2018

LAW OFFICES OF DALE K. GALIPO
BAER TREGER LLP

By  */s/ Dale K. Galipo*
Dale K. Galipo
Hang D. Le
Andrew L. Treger
Attorneys for Plaintiffs